## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**BLANCHE L. BOLUFFER,**

    **Plaintiff,**

**v.**                                   **CASE NO:**

**10 ROADS EXPRESS, LLC**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BLANCHE L. BOLUFFER, (hereinafter "Plaintiff" or "Ms. Boluffer"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, 10 ROADS EXPRESS, LLC (hereinafter "Defendant," "10 Roads," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on race, national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et. seq. ("FCRA").

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her race, and retaliated against her in violation of her rights under Title VII and the FCRA.

3.      As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to

28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Duval County, Florida.

## PARTIES

8.     Plaintiff is a 42-year-old Hispanic female originally from Puerto Rico.

9.     Plaintiff is a member of a class protected against discrimination based on her race and national origin under Title VII and the FCRA.

10.     Defendant hired Plaintiff on June 8, 2021.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.     At all times material herein, Plaintiff was an employee entitled

to protection as defined by Title VII and the FCRA.

13.     The Defendant, 10 ROADS EXPRESS, LLC, is a Foreign Limited Liability Company with a principal place of business located at 2200 Abbott Dr, Carter Lake, Iowa 51510.

14.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Duval, Florida, from their location 1509 Pickettville Rd, Jacksonville, Florida 32220, where they employed Plaintiff.

15.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to Title VII and the FCRA.

16.     Accordingly, Defendant is liable under Title VII and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On February 22, 2023, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations

("FCHR") against Defendant alleging, among other things, race discrimination and retaliation.

19.    On October 16, 2023, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 510-2023-03896) against Defendant.

20.    More than one hundred eighty (180) days have elapsed since the filing of Claimant's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Claimant is entitled to bring her FCRA claims in the instant civil action against Respondent and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    On June 8, 2021, Ms. Boluffer began her employment with 10 Roads as a dispatch.

23.    In August 2021, 10 Roads promoted Ms. Boluffer to the position of Driver Manager. She reported directly to John Richey.

24.    From the start of her employment, Ms. Boluffer suffered

discrimination at the hands of Mr. Richey due to her race and national origin. Mr. Richey repeatedly harassed Ms. Boluffer by using derogatory names and mocking her accent and place of birth. On one occasion, Mr. Richey told Ms. Boluffer that she should "invest in English classes" and that he could not wait "until Trump comes back to build the wall so you can be sent back to Mexico." Additionally, Mr. Richey ridiculed Ms. Boluffer behind her back, sending text messages to colleagues making fun of her English skills, saying things like, "Her English lacks English, hahaha." Throughout her employment, Mr. Richey subjected Ms. Boluffer to discriminatory acts like these approximately 150 times.

25.    As the sole Hispanic employee under Mr. Richey's supervision, Ms. Boluffer understandably felt uncomfortable. To address his behavior, Ms. Boluffer approached Mr. Richey directly, but Mr. Richey refused to change his attitude. Frustrated, Ms. Boluffer reported Mr. Richey's conduct to another manager, Mitch Champion. Unfortunately, Mr. Champion offered no help. Instead, Mr. Champion advised Ms. Boluffer to simply ignore Mr. Richey's actions.

26.    On December 22, 2022, Ms. Boluffer had to leave work ten minutes early due to a female issue. Ms. Boluffer promptly informed Mr.

Champion about this issue, and Mr. Champion granted Ms. Boluffer permission to leave, as it is not unusual for employees at 10 Roads to leave a few minutes before their shift ends. However, the very next day, Mr. Richey issued a written warning to Ms. Boluffer for leaving early the previous day. Ms. Boluffer assured Mr. Richey that Mr. Champion had given her permission to leave, but Mr. Richey did not retract the write-up.

27.    A few days after the initial reprimand, Mr. Richey assigned Ms. Boluffer a number of accounts previously managed by another employee. These accounts had not been maintained accurately, so the situation left Ms. Boluffer unable to properly book the loads, forcing her to hire an external carrier to handle them. Ms. Boluffer had warned Mr. Richey about the mishandled accounts, but Mr. Richey still assigned them to her. Furthermore, Mr. Richey later issued another written warning to Ms. Boluffer for her handling of these loads. Ms. Boluffer rightfully contested the reprimand, telling Mr. Richey that she had previously alerted him about the loads. However, Mr. Richey insisted that the write-up would stand.

28.    On or about December 29, 2022, Ms. Boluffer lodged a complaint with Laura (Last Name Unknown), HR, expressing her concerns about Mr. Richey's unjust discriminatory treatment. Ms. Laura told Ms. Boluffer, "We

take this seriously and we will investigate." Regrettably, Ms. Boluffer never received any follow-up from HR.

29.     On January 8, 2023, just ten days after Ms. Boluffer filed a complaint with HR, Mr. Richey wrote her up again for mishandling loads related to the cases assigned to her from another employee. This time, when Mr. Richey asked Ms. Boluffer to sign yet another unfair write-up, Ms. Boluffer refused. Unfortunately, in response to her refusal, Mr. Richey terminated Ms. Boluffer for having three write-ups. Upon her termination, Mr. Richey remarked, "I am finally rid of you."

30.     It is important to note that, in the year and a half that Ms. Boluffer worked for 10 Roads, she had a spotless record without any write-ups until December 2022.

31.     Furthermore, Mr. Richey has been accused of racial discrimination in the past. In fact, there is a pending lawsuit filed by a Black employee alleging racial discrimination against Mr. Richey.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race Discrimination

32.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 as though fully set forth herein.

33.    Plaintiff is a 42-year-old Hispanic female originally from Puerto Rico who currently resides in Duval County, Florida.

34.    Plaintiff is a member of a protected class under Title VII based on her race.

35.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

36.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

37.    Plaintiff was subjected to discrimination and disparate treatment at the hands of Defendant's staff, particularly Plaintiff's supervisor, Mr. Richey.

38.    Mr. Richey belittled and talked down to Ms. Boluffer from the beginning of her employment. He called her names, mocked her accent and

place of birth, made racist jokes in her presence, made fun of her behind her back, and unfairly wrote her up. Mr. Richey subjected Ms. Boluffer to this kind of discrimination around 150 times.

39.    Defendant knew or should have known of the discrimination and disparate treatment suffered by Plaintiff.

40.    Defendant violated Title VII by subjecting Plaintiff to discrimination and disparate treatment because of her race by failing to promptly correct the discriminatory behavior of its employees.

41.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination and disparate treatment of Plaintiff, deprived her of statutory rights under Title VII.

42.    Defendant's actions constitute discrimination in violation of Title VII.

43.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic

damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, BLANCHE L. BOLUFFER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 10 ROADS EXPRESS, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and disparate treatment to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

44.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

45.     Plaintiff is a 42-year-old Hispanic female originally from Puerto Rico.

46.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

47.     At all times material herein, Defendant employed, and continues to employ, one hundred (100) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b).

48.     Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

49.     At all times material herein, Defendant employed Plaintiff.

50.     Mr. Richey subjected Plaintiff to adverse employment actions in

retaliation for filing a complaint with HR regarding his discriminatory behavior by unfairly writing her up and terminating her.

51.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

52.    As her employer, Defendant was obligated to guard against the disparate treatment, discrimination, and retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

53.    Defendant violated Title VII by, among other things, failing to promptly correct the discriminatory and retaliatory conduct toward Plaintiff once it learned of it.

54.    Plaintiff, by being subjected to this discrimination and retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

55.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the disparate treatment, discrimination, and

retaliation of Plaintiff, deprived her of statutory rights under Title VII.

56.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under Title VII, according to proof.

**WHEREFORE**, the Plaintiff, BLANCHE L. BOLUFFER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 10 ROADS EXPRESS, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by retaliating against Plaintiff for filing a complaint with HR;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that She has suffered because of the retaliation to which

Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT
FLORIDA STATUTES §§ 760.01-11
Race Discrimination**

57.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

58.     Plaintiff is a 42-year-old Hispanic female originally from Puerto Rico.

59.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

60.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

61.     At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

62.   At all times material herein, Plaintiff's coworkers harassed and discriminated against Plaintiff because of her race.

63.   Plaintiff was subjected to discrimination and disparate treatment at the hands of Defendant's staff, particularly Plaintiff's supervisor, Mr. Richey.

64.   Mr. Richey belittled and talked down to Ms. Boluffer from the beginning of her employment. Mr. Richey called Ms. Boluffer names, mocked her accent and place of birth, made racist jokes in her presence, made fun of her behind her back, and unfairly wrote her up. Mr. Richey subjected Ms. Boluffer to this kind of discrimination around 150 times throughout her employment.

65.   Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

66.   Plaintiff believed that her coworkers' offensive acts materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts materially altered the terms and conditions of Plaintiff's employment.

67.    Plaintiff did not welcome the discrimination or disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

68.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, of the discrimination and disparate treatment suffered by Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

69.    Defendant violated the FCRA by, among other things, failing to promptly correct the disparate treatment and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to disparate treatment and discrimination because of her race.

70.    Plaintiff, by being subjected to this disparate treatment and discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

71.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the disparate treatment and discrimination

of Plaintiff, deprived her of statutory rights under the FCRA.

72.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, BLANCHE L. BOLUFFER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 10 ROADS EXPRESS, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in

lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT IV</u>
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Retaliation**

73.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

74.   Plaintiff is a 42-year-old Hispanic female originally from Puerto Rico.

75.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

76.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

77.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

78.     Mr. Richey subjected Plaintiff to adverse employment actions in retaliation for filing a complaint with HR regarding his discriminatory behavior by unfairly writing her up and ultimately terminating her.

79.      The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

80.     As her employer, Defendant was obligated to guard against the disparate treatment, discrimination, and retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

81.     Defendant violated the FCRA by, among other things, failing to promptly correct the disparate treatment, discriminatory, and retaliatory conduct toward Plaintiff once it learned of it.

82.     Plaintiff, by being subjected to this disparate treatment, discrimination, and retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

83.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the disparate treatment, discrimination, and retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

84.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, BLANCHE L. BOLUFFER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 10 ROADS EXPRESS, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for filing a complaint with HR;

B.    Award sufficient remedial relief to make Plaintiff whole for the

individual loss that she has suffered because of Defendant's retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff respectfully requests a trial by jury.

Date this 17th day of October 2023.

*/s/ Jason W. Imler, Esq*

Jason W. Imler

Florida Bar No. 1004422

**Imler Law**

23110 State Road 54, Unit 407

Lutz, Florida 33549

(P): 813-553-7709

Jason@ImlerLaw.com
